**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| VERONICA EXUM, individually and as representative of the estate of CLARA BELL EXUM, <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION, HOWMEDICA OSTEONICS CORP., and STRYKER SALES CORPORATION, <br><br> Defendants. | CIVIL NO. 1:13-cv-10247-PBS |

**MEMORANDUM AND ORDER**

July 17, 2013

SARIS, C.J.

**I. INTRODUCTION**

On October 30, 2012, Plaintiff Veronica Exum filed a complaint in Suffolk Superior Court alleging claims for negligence, breach of express and implied warranties, wrongful death, and unfair or deceptive acts or practices in connection with the manufacture, design and marketing of an allegedly defective prosthetic hip implant against Stryker Corporation, Howmedica Osteonics Corp., and Stryker Sales Corporation ("Defendants"). (Docket No. 1). The case was removed to federal court on the basis of diversity jurisdiction under 28 U.S.C.

§ 1332. Defendants filed a Motion to Dismiss the complaint on February 15, 2013. (Docket No. 6).

The Court held a hearing on April 17, 2013, during which Plaintiff stated that she was not able to access relevant medical records or information identifying the allegedly defective prosthetic hip implant. The Court allowed Plaintiff a 60-day continuance to conduct modest discovery regarding the medical records and to amend her complaint. (Docket No. 20). The deadline to submit an amended complaint passed without a filing. After which, Plaintiff's counsel filed a motion to withdraw as Plaintiff's counsel and Plaintiff herself notified the Court that she wished to proceed pro se. On July 10, 2013 the Court held another hearing. Plaintiff did not appear although her counsel said he had notified her about the hearing via phone and email. At the hearing, the parties explained that the narrow discovery had been completed and that Plaintiff's counsel had received an adverse opinion by a medical expert who stated: "I strongly believe that this case should be rejected both in terms of medical malpractice as well as rejecting this as a product case against Stryker." (Docket No. 29). The Court denied counsel's motion to withdraw while the motion to dismiss was pending.

After reviewing the original complaint, the Court **ALLOWS** the motion to dismiss without prejudice.[1]

## II. FACTUAL BACKGROUND

The following facts, gathered from the complaint, are assumed to be true for the purpose of this motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In November of 2009, Plaintiff's mother, Clara Bell Exum ("Exum"), underwent a total right hip anthroplasty implanting a "prosthetic right hip replacement designed, manufactured and marketed by Defendants." Compl. ¶ 6. After the surgery, Plaintiff alleges that the "Stryker prosthetic replacement failed," causing Exum extreme pain and suffering. Compl. ¶ 7. In July of 2012, Exum's doctor diagnosed her with a "failed right total hip anthroplasty," and stated that "[t]he acetabular component" of the prosthetic hip had "migrated anteriorly and medially" and became "anteverted 60 degrees." Compl. ¶ 8-9. According to Exum's doctor, revision surgery was necessary to prevent a "catastrophic failure" and health complications. Compl. ¶ 11. Plaintiff asserts

---

[1] Plaintiff may re-file her complaint as an administrator pro se only in some circumstances. Compare Nordberg v. Town of Charlton, CIV.A. 11-40206-FDS, 2012 WL 2990763, at *4 (D. Mass. July 19, 2012) (holding that "[t]he estate of a decedent is a separate legal entity from an individual plaintiff. Thus, even if a plaintiff is the executor of an estate or is otherwise authorized to pursue a decedent's legal claim, he may not do so pro se.") with Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010) (holding that "the administrator and *sole beneficiary* of an estate *with no creditors* may appear pro se on behalf of the estate.") (emphasis added).

3

that Exum died while undergoing the surgery to remove the alleged "defective prosthetic." Compl. ¶ 13.

### III. DISCUSSION

**A.  Standard of Review**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotations omitted). The court may dismiss a complaint when the alleged facts "are merely consistent with a defendant's liability." Id. In other words, "the complaint must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (internal citations and quotations omitted).

**B. Plaintiff's Claims**

Plaintiff asserts claims for negligence, breach of express and implied warranties, wrongful death, and unfair or deceptive acts or practices under Mass. Gen. Laws ch. 93A, § 11. The complaint alleges generally that an "Accolade hip prosthetic and other prosthetic components" were implanted into Exum. The

4

complaint, however, lacks specific information regarding the prosthetic's "acetabular component" that allegedly migrated and also lacks information about how the device (or devices) were defective.

### 1. Negligence

Plaintiff alleges that the Defendants breached a duty of care to "reasonably design, manufacture and market hip prosthetics or replacements that would not catastrophically fail", to "discover dangerous qualities or design defects in the hip prosthetics" and to "exercise ordinary care in the design, production and marketing of their prosthetic devices." Compl. ¶ 17-23. Plaintiff summarily concludes that the migration of the "acetabular component" of Exum's hip prosthetic was the result of a breach of these duties of care and that it was the "proximate cause" and "cause in fact" of Exum's pain, suffering and wrongful death. Id. Plaintiff fails to identify any facts that plausibly demonstrate such a device was designed or manufactured defectively, or that such a defect caused Plaintiff's injury or death. Consequently, Plaintiff fails to establish "more than a sheer possibility that [Defendants have] acted unlawfully." Iqbal, 556 U.S. at 678.

Plaintiff's invocation of the doctrine of *res ipsa loquitur* in her Opposition does not save her negligence claim. Plaintiff

asserts that "it is hard to imagine" that Exum's alleged harm "would under any circumstances be indicative of a non-defective product". The *res ipsa loquitur* doctrine "does not overcome the lack of evidence of the defendant's negligence." <u>Enrich v. Windmere Corp.</u>, 416 Mass. 83, 88 (1993). Instead, plaintiffs must establish that the "accident is of the kind that does not ordinarily happen unless the defendant was negligent in some respect and [that] other responsible causes including conduct of the plaintiff are sufficiently eliminated by the evidence." <u>Id.</u> Plaintiff has failed to properly allege that the migration or anteversion of the prosthetic device is the kind of occurrence that ordinarily does not happen without negligence on the part of the manufacturer. Therefore, Plaintiff's invocation of the doctrine of *res ipsa loquitur* is unavailing and her negligence claim is dismissed.

**2. Breach of the Express Warranty of Merchantability**

Plaintiff also alleges that Defendants breached an express warrant of merchantability that the implanted prosthetic was "*inter alia* safe and effective and that the system would not promote poor bone growth." Compl. ¶ 26. An express warranty is made when an "affirmation of fact or promise made by the seller to the buyer" that is related to the sold goods "becomes part of the basis of the bargain." Mass. Gen. Laws. ch. 106 § 2-313(1)(a). In order to succeed on an express warranty claim, "the

6

plaintiff must demonstrate that the defendant promised a specific result." <u>Anthony's Pier Four, Inc. V. Crandall Dry Dock Engineers, Inc.</u>, 396 Mass. 818, 823 (1986). Plaintiff fails to specifically identify any particular affirmation made by Defendants or an audience to whom the alleged affirmations were communicated. <u>See</u> <u>Varney v. R.J. Reynolds Tobacco Co.</u>, 118 F. Supp. 2d. 63, 70 (D. Mass. 2000) (dismissing a claim for breach of the express warranty of merchantability where "no affirmation of fact or promise was ever mentioned or even proposed to exist" and plaintiff argued only that defendants "warranted that their cigarettes were fit and safe for consumption"). The complaint also lacks the necessary showing that any of Defendants' affirmations became "part of the basis of the bargain." Consequently, Plaintiff's express warranty of merchantability claim is dismissed.

### 3. Breach of Implied Warranties

Plaintiff asserts that Defendants breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose. A seller breaches the implied warranty of merchantability when an injury is caused by "a product that is defective *and* unreasonably dangerous for the ordinary purposes for which it is fit". <u>Haglund v. Philip Morris Inc.</u>, 847 N.E.2d 315, 322 (Mass. 2006) (internal citations omitted) (emphasis added). Plaintiff alleges that the "replacement prosthetic

7

components" manufactured by the Defendants breach the implied warranty of merchantability for the following reasons: "1) the components were unsafe for the intended purpose; 2) not of merchantable quality; 3) they were not fit for the ordinary purpose for which hip prosthesis are used." Compl. ¶ 34. Aside from these legal conclusions, Plaintiff pleads no facts that support a claim that the prosthetic was defective, that it caused Exum's injury, or that it was unreasonably dangerous. Consequently, Plaintiff's implied warranty of merchantability claim is dismissed.

Plaintiff also alleges that Defendants breached the implied warranty of fitness for a particular purpose, which applies when a buyer purchases a product for a purpose other than what it is ordinarily used for and "(1) the seller had reason to know of the particular purpose for which the buyer requires the good[]; (2) the seller had reason to know of the buyer's reliance on the seller's skill or judgment in selecting or furnishing suitable good[]; and (3) the buyer's reliance in fact." Fernandes v. Union Bookbinding Co., Inc., 400 Mass. 27, 35 (1987). Where there is no evidence that the buyer intends to use the product for any purpose other than what it is normally used for, no "particular purpose" exists as required for liability under the implied warranty. Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813, 821 (1982) (noting that "[a] 'particular purpose'

differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question.") (internal quotations omitted). Plaintiff's failure to allege that the "particular purpose" of the hip prosthetic differed from its ordinary purpose is fatal to her claim for breach of the implied warranty of fitness for a particular purpose. This claim is therefore dismissed.

**5. Wrongful Death and Loss of Consortium**

Massachusetts' Wrongful Death Statute provides a claim for wrongful death against one who causes death by negligence or breach of warranty. Mass. Gen. Laws. ch. 229, § 2. As discussed above, Plaintiff failed to adequately plead her negligence and breach of warranty claims. Therefore, a wrongful death claim is unavailable on these grounds.

A plaintiff may also assert a wrongful death claim against a person who "by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if [her] death had not resulted . . . " Id. Plaintiff has failed to allege any facts that would support a claim that Defendants acted willfully,

wantonly or recklessly. Therefore, her wrongful death claim is dismissed. Since Plaintiff's loss of consortium claim is based solely on her wrongful death claim, it is also dismissed.

### 6. Mass. Gen. Laws ch. 93A

Massachusetts General Law Chapter 93A protects consumers from "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2. Plaintiff fails to specify any acts or practices engaged in by Defendants that would constitute a violation of Chapter 93A. Given the lack of factual support in the complaint, this count is dismissed.

### IV. ORDER

Defendants' Motion to Dismiss (Docket No. 6) is **ALLOWED**, and the Complaint is dismissed without prejudice.

                                              /s/ PATTI B. SARIS
                                              PATTI B. SARIS
                                              United States District Judge